WESLEY H. PETERSEN, Plaintiff-Appellant, *v.* ELEANOR M. PETERSEN, Defendant-Appellee.

Third District   No. 77-301

Opinion filed March 28, 1978.

Robert D. Greenwalt, of Spelman, Greenwalt & Associates, of West Chicago, for appellant.

Robert L. Carter, of Wolslegel & Armstrong, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County which denied a motion of Wesley H. Petersen, hereinafter referred to as the husband, to strike and delete certain findings and rulings contained in a decree of divorce previously entered by the court in an action between the husband and his wife, Eleanor M. Petersen.

On December 5, 1975, a complaint for divorce was filed by the husband in which he alleged *inter alia* that the title to certain real estate was vested in both him and his wife as joint tenants and that the joint tenancy ownership had been created as a matter of convenience. An answer and counterclaim for divorce was filed by the wife. The husband during the trial of the divorce action amended his pleadings on their face and alleged that he had special equities in the real estate. The wife denied that the realty had been placed in joint tenancy for convenience purposes and further denied that her husband had any special equities in the same.

After a contested hearing the trial court granted a divorce to the wife on her countercomplaint. The decree of divorce as to the realty provided as follows:

> "11. That the parties hereto own the marital residence and real estate located in Lostant, Illinois in joint tenancy, said property described as follows: * * *; and said property was acquired in joint tenancy during the marriage relationship; and the Court finds

that the marital residence and real estate is to remain in joint tenancy with each of the parties being liable for one-half of the remaining outstanding mortgage debt with no right of reimbursement or credit for previous payments of either party.

\* \* \*

Wherefore, it is ordered, adjudged and decreed as follows:

2. That the marital residence and real estate described as follows \* \* \* is to remain in joint tenancy with each of the parties being liable for one-half of the remaining outstanding mortgage debt with no right reimbursement or credit for previous payments of either party \* \* \*."

It is the above-quoted language in the decree of divorce that the husband during a post-decree action sought to have stricken or deleted.

The appellant-husband raises several issues, one of which is that the court lacked authority to enter a decree setting forth the parties' equities in the real estate when the pleadings failed to present such an issue to the court.

■■ We find no merit to this contention of the husband since it is clear from the record that he instituted the divorce action and in his original complaint alleged ownership by the parties of jointly held real estate but averred that the joint tenancy was created only for purposes of convenience. Later the husband amended his complaint by alleging that he possessed special equities in the real estate. The wife denied that the joint tenancy relationship was created only for a matter of convenience and further denied that the husband had any special equities in the same. Thus the husband having made allegations which were adverse to the wife's interests and she denying the same, an issue regarding the realty was created and presented to the trial court for determination.

The husband further contends that the trial court erred in refusing to strike that portion of the divorce decree which made a finding as to the respective equities of the parties in the real estate since the transcript of proceedings indicates that the court made no such findings.

■■ The record belies this contention of the husband, since it discloses that an extensive colloquy was entered into between the court, the husband, and the husband's attorney. No useful purpose would be served by setting forth verbatim this colloquy but we note that it covered in detail the mortgage on the real estate, the husband's payments from a life insurance policy loan, and payments made by money which was received from the husband's mother. A further discussion was had as to the effect of joint tenancy ownership, and who would be liable for future payments on the property. The discussion of all of these matters occurred prior to the granting of the divorce.

When denying the husband's motion to strike and delete the findings and rulings regarding the marital residence the court stated:

"THE COURT: Well, the Court, at the time of the trial, which took a good part of the day, as I remember, listened to the testimony from both parties, and listened to the arguments of Counsel, and took into consideration the questions of fact as to where the $7,000.00 came from. And, as to whether that was a bona fide transaction between the mother of Wesley Petersen and himself, or whether or not that is a gift of the mother to both of them as newly married persons. And there is no question but the record shows that the house was placed in joint tenancy at the bank. As to whether the bank insisted on that, or why they insisted on it, I don't know. But the facts are that there was a joint tenancy arrangement.

Also I remember the testimony that Mrs. Petersen stated, from her salary as a cocktail hostess, bought food and clothing and things for the household. And that for a period of two years Mr. Petersen was not employed.

And the Court set the special equities in this matter by leaving the house in joint tenancy, and that it could be sold and that the net proceeds be divided equally, equally between Mr. Petersen and Mrs. Petersen."

■■ The findings of a divorce court are generally presumed to be correct and a reviewing court will not set aside the trial court's findings unless they are clearly against the manifest weight of the evidence. (See *Fields v. Fields* (1977), 54 Ill. App. 3d 400, 369 N.E.2d 586, and *Brongel v. Brongel* (1977), 48 Ill. App. 3d 27, 362 N.E.2d 750.) In the instant case it is not necessary that we presume the trial court's findings were supported by evidence for the record of the divorce proceedings and the trial court's remarks in the post-trial hearing clearly illustrate that a finding as to the equities in the real estate was made and that such finding was amply supported by the evidence.

Having determined the issues raised by the appellant-husband, we conclude that the judgment of the trial court should be affirmed. However, we do order this cause be remanded to the trial court solely for the purpose of determining if an award of attorney fees should be granted to the wife as the result of defending her interests in this appeal, and if so to fix the amount of such award.

Affirmed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.